OPINION
{¶ 1} Defendant-appellant, Corey S. Kral, appeals his sentence in the Lake County Court of Common Pleas following the entry of a guilty plea. Due to the Ohio Supreme Court's decision in State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856, we reverse the sentence imposed by the court below and remand this matter for resentencing.
 {¶ 2} On December 6, 2005, Kral entered guilty pleas to three counts of Burglary, felonies of the second degree in violation of R.C. 2911.12(A)(2). One of the Burglary counts contained a firearm specification as set forth in R.C. 2941.141. The statutory sentencing range for a felony of the second degree is between two and eight years. R.C. 2929.14(A)(2). The imposition of a one-year prison term for the gun specification was mandatory pursuant to R.C. 2929.14(D)(1)(a)(iii).
 {¶ 3} On January 12, 2006, following a sentencing hearing, the trial court sentenced Kral to serve a five-year prison sentence for each count of Burglary. These terms were to be served concurrently with each other and consecutively to the one-year prison term imposed for the gun specification for an aggregate prison sentence of six years. Kral had not previously served time in prison. Therefore, in accordance with R.C.2929.14(B), the court found that "the shortest prison term will demean the seriousness of Defendant's conduct and the shortest prison term will not adequately protect the public from future crime by the Defendant or others."
 {¶ 4} Kral timely appeals the Judgment Entry of Sentence and raises the following assignment of error: "The trial court abused its discretion and committed reversible error when it sentenced the defendant-appellant to a prison sentence that exceeded the statutory maximum based upon a finding of factors not found by the jury or admitted by the defendant-appellant in violation of defendant-appellant's state and federal constitutional rights to trial by jury."
 {¶ 5} Kral argues, and the State concedes, that the imposition of sentences greater than the statutory minimum sentence for offenders who have not previously served prison terms violates his Sixth Amendment rights to trial by jury, as held by the Ohio Supreme Court in State v. Foster,109 Ohio St.3d 1, 2006-Ohio-856, citing Apprendi v. New Jersey (2000),530 U.S. 466, and Blakely v. Washington (2004), 542 U.S. 296.
 {¶ 6} In State v. Foster, the Ohio Supreme Court held that R.C. 2929.14(B), providing that "the shortest prison term authorized" by statute for an offense must be imposed on offenders not having previously served a prison term, unless the sentencing court makes certain "findings," is unconstitutional.2006-Ohio-856, at paragraph one of the syllabus. The Supreme Court further held that R.C. 2929.14(B) is severable from R.C. Chapter 2929, governing felony sentencing. Id. at paragraph two of the syllabus. "After the severance, judicial factfinding is not required before a prison term can be imposed within the basic ranges of R.C. 2929.14(A) based upon a jury verdict or admission of the defendant." Id. Kral's assignment of error has merit.
 {¶ 7} The Supreme Court further held that sentences exceeding the statutory minimum, based on the constitutionally valid R.C.2929.14(B), were void. Id. at ¶ 103. The proper course to follow in this situation "is to vacate that sentence and remand to the trial court for a new sentencing hearing." Id. Accordingly, Kral is entitled to a new sentencing hearing. At this hearing, Kral "may stipulate to the sentencing court acting on the record before it." Id. at ¶ 105. Kral may also argue for a reduction in his sentence, just as the state may now seek to increase the penalty. Id.
 {¶ 8} Accordingly, we reverse the Judgment Entry of Sentence of the Lake County Court of Common Pleas and remand for proceedings in light of the "remedial severance and interpretation of Ohio's felony sentencing statutes," as explained in Foster. Id. at ¶ 107. Under this remedy, "trial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences." Id. at ¶ 100.
Ford, P.J., concurs, O'Neill, J., concurs in judgment only.